

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–27–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| GREGORY SCOTT TOLLEY, | |
| Defendant. | |

On June 26, 2019, the grand jury returned a one-count indictment charging Defendant Gregory Scott Tolley with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) based on a 1994 felony conviction. (Doc. 1.) Prior to his indictment, Tolley was arrested by the United States Marshals on a bench warrant issued by the state court. The Marshals were working with local law enforcement as part of a Department of Justice-sponsored initiative known as *Project Safe Neighborhoods*. (Doc. 17-1 at 3.) Following Tolley's arrest, ammunition was discovered on his person and a firearm with additional ammunition was found in his vehicle. Tolley seeks to suppress both the ammunition and the firearm on the grounds that the Marshals lacked authority to arrest him and the search warrant for the vehicle was infirm. (Docs. 17, 18.) The government opposes the motion. (Doc. 20.) Because the arguments are primarily legal and Tolley did not request a

1

hearing, this matter will be resolved on the briefs. For the reasons provided below, Tolley's motion is denied.

## Factual Background

On September 28, 2018, an arrest warrant was issued for Tolley in the Montana Fourth Judicial District Court, Missoula County for failing to appear on felony charges of assault with a weapon and intimidation. (Doc. 17-2.) Tolley was also wanted by the Montana Department of Corrections for a probation violation related to previous theft charges. (*See* Doc. 20-6 at 1; Doc. 20-10.) On December 4, 2018, members of the Montana Violent Offenders Task Force were conducting surveillance on a residence in Superior, Montana that "was believed to be a Bandido Outlaw Motorcycle Gang clubhouse or safehouse." (USMS Report, Doc. 20-6 at 1.) Members of the Task Force observed Tolley at the residence for approximately three hours before Tolley and his wife, Shanelle Parker, were seen "load[ing] up a bunch of belongings into what was believed to be a vehicle next to the cabin." (*Id.*) Tolley and his wife were then observed driving a mid-1980s gold colored Oldsmobile station wagon near Lozeau, Montana. (Lizotte Narrative, Doc. 17-7.) It was later discovered that the vehicle belonged to Parker. (Search Warrant Return, Doc. 17-5.) Members of the Task Force then followed Tolley to Alberton, Montana and conducted a traffic stop of the vehicle. (Doc. 17-7.)

Tolley "was removed from the vehicle, handcuffed, and pat searched. Items removed from his pockets included two rounds of 9mm hand gun ammo and one round of .223 rifle ammo." (*Id.*) Montana Probation and Parole Officer Jeremy Lizotte informed Tolley that he was going to search the vehicle and Tolley said that everything in the vehicle belonged to him. (*See* Doc. 20-9 at 1.) Officer Lizotte then engaged in a probation search of the vehicle, which uncovered a bag of suspected methamphetamine. (Doc. 17-7.) Officer Lizotte returned the bag to the vehicle and turned the vehicle over to Mineral County. (*Id.*)

Based on Officer Lizotte's discovery, the Mineral County Sheriff's Department sought a search warrant for the vehicle on December 5, 2018, which was issued that same day. (Warrant App., Doc. 17-3; Warrant, Doc. 17-4.) During that search, the Sheriff's Department recovered:

- Springfield XD 9MM semi-automatic pistol serial #MG942974 – Stolen out of Missoula Co.
- 18+1=19 rounds of 9MM in magazine and chamber
- 2=clear glass Meth pipes with meth residue
- 2=clear plastic baggies with residue
- 2=butane torches
- 22.2 grams of crystal shards tested positive for Methamphetamine.

(Doc. 17-5.)

In his motion, Tolley identifies additional facts he believes should have been included in the search warrant application. First, Tolley notes that he was originally stopped and handcuffed by the United States Marshals, who indicated at

3

the time that there was "no federal case" against him. (*See* Tolley Decl., Doc. 19 at ¶ 4.) Second, Tolley alleges that the methamphetamine discovered by Officer Lizotte during the probation search was in a leather bag that belonged to Tolley's wife and therefore outside the scope of a probationary search. Tolley thus seeks to suppress evidence resulting from the pat-down search of his body, the probation search of the vehicle, and the subsequent warrant search of the vehicle.

## ANALYSIS

### I. Arrest

The United States Marshals have authority to investigate "fugitive matters" at the direction of the Attorney General. 28 U.S.C. § 566(e)(1)(B). In turn, the Attorney General has the authority to direct the Marshals Service to engage in cooperative fugitive apprehension programs with state and local law enforcement. *See* 34 U.S.C. §§ 41503, 41504. Here, the relevant program and operation is the Montana Violent Offender Task Force. In February 2018, the Marshals Service entered into a Memorandum of Understanding with the Montana Department of Corrections Probation and Parole whereby the parties agreed to be members of the Task Force. (MOU, Doc. 20-11). As part of that operation, the Marshals Service agreed to assist Montana in locating and apprehending local, state, and federal fugitives. (John Aff., Doc. 20-12.) Here, the Marshals Service was aware of Tolley's outstanding warrant and was part of the effort to locate and apprehend

4

him. (*Id.* at ¶ 4.) The Marshals Service had the authority to detain Tolley, *see* 28 U.S.C. § 564 (providing Marshals with derivative state powers of a sheriff), and the ammunition they discovered when they performed a pat-down search was properly obtained, *see Birchfield v. North Dakota*, 136 S. Ct. 2160, 2174 (2016) (recognizing longstanding propriety of search-incident-to-arrest).

## II. Vehicle Search

Tolley further challenges the search of the subsequent vehicle, insisting that the warrant affidavit should have mentioned the Marshals' involvement and that it was based on evidence discovered during an impermissible probationary search. As argued by the government, Tolley's claim fails because a warrant was not necessary to search the vehicle.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend IV. A warrantless search is thus presumed to be unreasonable unless it satisfies one of the "specifically established and well-delineated exceptions." *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)). For instance, under the automobile exception, "[t]he police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained." *California v. Acevedo*, 500 U.S. 565, 580 (1991). That search extends

5

to "[a] passenger's personal belongings." *Wyoming v. Houghton*, 526 U.S. 295, 302 (1999) ("When there is probable cause to search for contraband in a car, it is reasonable for police officers . . . to examine packages and containers without a showing of individualized probable cause for each one."). "Probable cause exists if there is a fair probability that contraband or evidence of a crime will be found in a particular place under the totality of the circumstances." *United States v. Faagai*, 869 F.3d 1145, 1150 (9th Cir. 2017) (internal quotation marks and citation omitted). "A finding of probable cause must be supported by the objective facts known to the officer at the time of the search." *Id.* (internal quotation marks omitted).

In this case, the vehicle search was supported by probable cause to believe that it would yield firearms, drugs, or additional ammunition. Tolley was a fugitive from justice on an active felony warrant for assault with a weapon and intimidation. (*See* Docs. 20-2, 20-3.) When he was removed from the vehicle ammunition was discovered in his pocket. (*See* Doc. 20-4 at 4.) Tolley also had a previous conviction for illegally possessing firearms, (*see* Doc. 20-1), and the present arrest warrant was based on an assault with a weapon charge involving "a black handgun," (Doc. 20-2 at 1). Additionally, Tolley and his wife had just left, and were seen "load[ing] up a bunch of belongings," at a known "clubhouse or safehouse" of the Bandido Outlaw Motorcycle Gang. (Doc. 20-6 at 1.) Thus, law

enforcement had "probable cause to believe contraband or evidence" of criminal activity was in the vehicle. *Acevedo*, 500 U.S. at 580. Nor does the Mineral County Sheriff's impoundment of the vehicle undermine the application of the automobile exception in this situation. *See Michigan v. Thomas*, 458 U.S. 259, 261 (1982) (finding vehicle search valid despite fact that it was not completed until after the vehicle was impounded).

Because the search of the vehicle was justified under the automobile exception, the Court need not consider additional grounds for upholding the search. *United States v. Johnson*, 913 F.3d 793, 801 (9th Cir. 2019).

## Conclusion

Based on the foregoing, IT IS ORDERED that Tolley's motion to suppress (Doc. 17) is DENIED.

DATED this 27th day of August, 2019.

*Judge Donald Molloy* 14:03 PM
Donald W. Molloy, District Judge
United States District Court

7